## BALLSTON TERMINAL R. CO. v. HUDSON VAL. RY. CO.

(Supreme Court, Appellate Division, Third Department.  November 12, 1902.)

1. RAILROADS—STREET RAILROAD CROSSINGS—CONSENT—TEMPORARY INJUNC-
TION.

Where, on an application for a temporary injunction to restrain de-
fendant railway company from crossing plaintiff's street car tracks, de-
fendant contended that plaintiff had consented to such crossing, but the
only proof of such consent was a verbal agreement with plaintiff's vice
president and a paper, signed by the vice president, but not signed by the
secretary nor sealed with the seal of the corporation, it was not suffi-
cient to show consent by the corporation, and a temporary injunction
was therefore properly granted.

Appeal from special term.

Action by the Ballston Terminal Railroad Company against the
Hudson Valley Railway Company to restrain defendant from cross-
ing plaintiff's street railway tracks.  From an order granting a tem-
porary injunction, defendant appeals.  Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and
CHASE, JJ.

Thomas O'Connor, for appellant.
E. T. Brackett, for respondent.

KELLOGG, J.  The injunction granted herein was a proper ex-
ercise of discretion, unless it satisfactorily appeared to the court that
appellant had procured a consent to such crossing which is binding
on the plaintiff.  The complaint alleges that no consent was given.
So, also, does the affidavit of Frederick A. Beach, the vice president
of the plaintiff.  The answer alleges a consent, both verbal and writ-
ten.  The affidavit of Thomas O'Connor states that he made a verbal
agreement with Vice President Beach,—but not with the company,
or other officers of the company,—and a few days thereafter the said
vice president handed him a paper, with his signature as vice presi-
dent, but no seal of the corporation was attached, and the signature
of the secretary was lacking, though a place for such signature ap-
peared upon the paper, and also an affidavit for the secretary to
make, which does not appear to have been made.  This paper ap-
pears attached to the answer, and again appears attached to the
affidavit of O'Connor.  Both of these show the same defects and in-
completeness of execution.  The body of the instrument expressly
contemplates that it shall be executed by the secretary and have
the corporate seal attached, which is usually in the custody of the
secretary of a corporation, before the instrument can be deemed to
be executed, or be prima facie evidence, as the act of the directors of
the corporation.  This paper cannot be accepted in this condition
as evidence of a corporate act.  A verbal agreement made with any
other than the board of directors in such a matter cannot bind the
corporation.

We think the injunction order was properly granted, and the order
is affirmed, with $10 costs and disbursements.  All concur.